**IT IS ORDERED as set forth below:**

**Date: March 17, 2014**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| Frederick and Maxine Jones, | ) | CASE NO. 13-66396-wlh |
| | ) | |
| Debtors. | ) | |

**ORDER CONFIRMING PLAN OF**
**REORGANIZATION**

On August 13, 2013, the above-named Debtors filed with this Court their Plan of Reorganization (the "Plan") and Disclosure Statement. The Debtors filed an Amended Plan of Reorganization and Amended Disclosure Statement on August 22, 2013. Debtors filed a Second Amended Disclosure Statement on October 18, 2013. Debtors filed a Third Amended Plan on February 4, 2014 and a Fourth Amended Plan on February 28, 2014. Debtors' counsel contends notice of a hearing on confirmation of the Plan was afforded all creditors and said hearing was held before this Court on March 4, 2014.

Classes 5, 6, 7, 13, 14, 16, 17, 18, 19, and 20 have voted to accept the Plan. By silence, Classes 1, 2, and 8 through 12 have rejected the Plan. Classes 8 through 12 have withdrawn all objections filed against the Plan and stipulate that their treatment is fair and equitable and that there is no unfair discrimination against their respective classes.

At the confirmation hearing, Will B. Geer, counsel for the Debtors, and the Debtors, Frederick and Maxine Jones, appeared before the Court. Gregory M. Eells appeared on behalf of Branch Banking and Trust Company. Maria Tsagaris appeared on behalf of Wells Fargo Bank, N.A. and PNC Bank, N.A.

Having reviewed the Plan and Ballot Report, and having heard the presentation of counsel at the confirmation hearing, the Court makes the following findings of fact and conclusions of law with respect to the Plan:

(1) the Plan complies with the applicable provisions of Title 11 U.S.C.;

(2) the proponent of the Plan complies with the applicable provisions of Title 11 U.S.C.;

(3) the Plan has been proposed in good faith;

(4) all payments to be made for professional services in connection with the Plan are subject to approval by this Court;

(5) the Debtor has complied with the provisions of §1129 (a)(5);

(6) no governmental regulatory commission approvals are required;

(7) holders of claims in each impaired class have accepted the Plan or will receive an amount under the Plan that is not less than such claimant would receive in a Chapter 7 liquidation;

(8) The requirement that each class of claims has accepted the Plan or is not impaired

under the Plan has not been met and Debtor requested confirmation pursuant to §1129(b)(1);

(9) §507 (a)(8) claims are to be paid in accordance with §1129(a)(9)(C);

(10) at least one class of impaired claims has accepted the Plan;

(11) confirmation is not likely to be followed by the need for further financial reorganization;

(12) fees payable to the U.S. Trustee's Office are to be paid under the Plan;.

(13) the Plan is fair and equitable and does not discriminate unfairly with respect to each class of claims or interests.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(A) the Plan is CONFIRMED as modified herein below;

(B) the Provision of the Plan with respect to the due date of each secured creditors' class of claims is modified as follows:

    1.    Secured creditors in Classes 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, and 19 will have their secured plan payments due on the 1st of each month following the Effective Date of the Plan. Thus, the first plan payments for the above creditors will be due on May 1, 2014 and the 1st of every month thereafter.

(C) the terms of the Plan are binding on the Debtors and all creditors whether or not such creditor's claim is impaired by the Plan and whether or not such creditor accepted the Plan;

(D) except as otherwise specifically provided in the Plan, all property of this estate is vested in the Debtors free and clear of all liens and interests of creditors;

(E) except as provided in the Plan, the Debtors will receive a discharge from any and all claims that arose prior to confirmation of the Plan upon successful completion of all Plan payments, or upon the earlier entry of an Order of this Court;

(F) Debtors shall timely make the payments provided for in the Plan, no disbursing agent being appointed;

(G) Until entry of a final decree, Debtors shall timely pay all quarterly fees due the Office of the United States Trustee;

(H) Debtors shall, within 120 days of the date hereof, file the report required by BLR 3022-1 (b); and

END OF ORDER

Prepared and Submitted by:

/s/
Will B. Geer
GA State Bar No. 940493
17 Executive Park Drive, NE
Suite 115
Atlanta, GA 30329
(678) 587-8740
(404) 287-2767 fax
willgeer@willgeerlaw.com
Attorney for Debtors

Distribution List

Will B. Geer
17 Executive Park Drive, NE
Suite 115
Atlanta, Georgia 30329

John D. Schlotter
Aldridge Connors LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E.,
Suite 500
Atlanta, GA 30305

BARRETT DAFFIN
FRAPPIER LEVINE &
BLOCK, LLP
15000 SURVEYOR
BLVD., SUITE 100
ADDISON, TX 75001

Wells Fargo Bank, N.A.
c/o McCALLA RAYMER,
LLC

Bankruptcy Department
1544 Old Alabama Road
Roswell, GA 30076

Eells Law Group, LLC
The Oglethorpe Building - Suite 181
2971 Flowers Road South
Atlanta, GA 30341

BANK OF AMERICA
P.O. BOX 851001
DALLAS TX 75285-1001

BB&T Bankruptcy Section
Mailcode: 100-50-01-51
PO Box 1847
Wilson, NC 27894-1847

Capital Card Services
P.O. Box 70884
Charlotte, NC 28272-0884

Chase Bank
P.O. Box 15153
Wilmington, DE 19886-5153

Chase Mortgage
P.O. Box 9001871
Louisville, KY 40290-1871

FICA Card Services
P.O. Box 851001
Dallas, TX 75285-1001

PNC Bank
P.O. Box 3180
Pittsburgh, PA 15230-3180

Wells Fargo Bank
P.O. Box 3117
Winston Salem, NC 27102-3117

Lindsay Swift, Esq.
Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303-3315

Frederick and Maxine
Jones
1331 Greenridge Trail
Lithonia, GA 30058-2203